CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 30 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| TERRI L. SWITZER, et al., </br>Plaintiffs, | Civil Action No. 5:09CV00042 |
| v. | MEMORANDUM OPINION |
| CREDIT ACCEPTANCE CORPORATION, et al., </br>Defendants. | By: Samuel G. Wilson </br>United States District Judge |

This is an action by Terri Switzer (Switzer) against Credit Acceptance Corporation (CAC) for alleged violations of the Fair Collections Practices Act, 15 U.S.C. § 1692 (FDCPA), and associated state tort claims resulting from the repossession of a car owned by Switzer's husband. The original defendants in the suit were CAC and L&K Recovery (L&K), the company that repossessed the car; however, Switzer has settled with L&K, and the court dismissed L&K from the suit by joint agreement of the parties on December 30, 2009. The case is now before the court on CAC's motion for summary judgment. Switzer, who is *pro se*, responded to CAC's motion by requesting a hearing, which was held on March 23, 2010. The Court now concludes from the uncontradicted evidence that there are no material facts in dispute and that CAC is entitled to judgment as a matter of law.[1] Accordingly, the court will grant CAC's motion for summary judgment.

## I.

Switzer's husband obtained a car loan from CAC and then failed to make the payments.

---

[1] Summary judgment is proper "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views the evidence and makes all reasonable inferences in the light most favorable to the nonmoving party. Sempione v. Provident Bank of Md., 75 F.3d 951, 954 (4th Cir. 1996).

CAC then called the Switzers' residence in an effort to collect late payments. Switzer, who admits that her husband was late with the car payments, contends that CAC subjected her to harassing phone calls day and night, possibly implicating section 1692c of the FDCPA, which prohibits certain communications by debt collectors with consumers. CAC claims that it never called Switzer at all, only her husband, and that in any case, it is not subject to the provisions of the FDCPA because it is not a debt collector within the meaning of that Act.

Switzer also asserts a state law tort claim against CAC for breach of the peace in repossessing the car. Switzer claims that Ed Beal (Beal), an employee of L&K, harassed her and her children while he was attempting to find Mr. Switzer to repossess the car. CAC contends that it is not liable for Beal's actions because Beal was not CAC's employee, but rather an employee of L&K, an independent contractor. Additionally, CAC claims that no breach of the peace occurred.

CAC filed this motion for summary judgment with supporting affidavits. One affidavit attested that CAC was attempting to collect its own debt from Mr. Switzer when it called the Switzer residence, and the other, from Beal, states, among other things, that Beal worked for L&K, which assigned him to repossess Mr. Switzer's car. Switzer has not contested the accuracy of the affidavits, has not introduced any evidence to the contrary, and has admitted that she could not produce any contrary evidence. [2]

---

[2] Though the evidence in a motion for summary judgment is viewed in the light most favorable to the non-moving party, the non-moving party still must offer evidence from which a fair-minded jury could return a verdict for the party and is not entitled to rely merely on their allegations. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Per Rule 56(e):
> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set

## II.

CAC has moved for summary judgment on Switzer's FDCPA claim on the ground that, in calling Switzer's residence, it was attempting to collect its own debt in its own name and, therefore, was not a debt collector within the meaning of that Act or subject to its provisions. Switzer has not contested CAC's representations, and the court finds that CAC is not subject to FDCPA liability for its calls to Switzer's residence.

The FDCPA makes it unlawful for a "debt collector" to contact a "consumer" in connection with the collection of any debt, at any unusual time, including before 8 am or after 9 pm. See 15 USC § 1692c(a). A "consumer," as defined in that section, includes any person obligated to pay a debt, as well as that person's spouse. See 15 U.S.C. § 1692a(3) & c(d). A "debt collector," is defined as any person, or company, who collects debts that are owed or due to another. See 15 USC § 1692a(6). Usually, therefore, a company which collects its own debts in its own name, is not considered a debt collector under the FDCPA, and cannot be subject to liability under that Act.[3] See id.

In this case, the uncontested evidence shows that CAC attempted to collect its own debt

---

out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*
Fed. R. Civ. Pro. 56(e) (emphasis added). See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). The court notes that in this case, Switzer has not offered any evidence to rebut the contentions of CAC, but rather, during oral argument, confirmed CAC's factual position.

[3] A creditor that uses a name other than its own name in attempting to collect a debt is subject to liability. Switzer has not alleged that CAC ever attempted to collect its debts from Mr. Switzer in any name other than its own, and acknowledged at oral argument that she knew it was CAC calling to collect on the loan.

3

(the car loan) in its own name. Therefore, CAC is not a debt collector under the FDCPA in this situation, and is not liable under that Act.[4] Accordingly, the court will grant summary judgment on Switzer's FDCPA claim.

### III.

CAC also moves for summary judgment on Switzer's state tort claims. CAC claims that it contracted with L&K, an independent contractor, to repossess the automobile, that Beal was that independent contractor's employee, and that under Virginia law CAC is not liable for an independent contractor's torts. Again, Switzer has offered no evidence to counter CAC's factual assertions, and the court finds that CAC is not subject to vicarious liability for Beal's alleged torts, and grants CAC's motion for summary judgement.

To determine liability in a state tort action, the court looks to the law of the state in which the tort is alleged to have occurred, in this case, Virginia. "In Virginia, the doctrine of *respondeat superior* imposes tort liability on an employer for the negligent acts of its employees, *i.e.*, its servants, but not for the negligent acts of an independent contractor." Sanchez v. Medicorp Health Sys., 618 S.E.2d 331, 334 (Va. 2005) (citations omitted). The distinction between an employee and an independent contractor is fact specific, and there are four factors a court considers in making the determination: "(1) [s]election and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action." Dillon Constr. v. Carter, 696 S.E.2d 542, 544 (Va. Ct. App. 2009) (citations omitted). Of these factors, "[t]he power of control is the most significant indicium of the employment relationship;

---

[4] This determination obviates the need to examine CAC's dubious defense that it was only trying to reach Mr. Switzer with the phone calls, not Mrs. Switzer. See 15 U.S.C. § 1692c.

other factors merely help to elucidate the manner and degree of control." Id.

In this case, Switzer has not offered any evidence to support a finding that Beal was a servant of CAC. In fact, at oral argument, she admitted that Beal was employed by L&K. Switzer has also not alleged or provided any evidence to show that L&K is the servant of CAC, and there is nothing in the record to indicate that L&K is not an entity wholly distinct from CAC. In short, Switzer has not shown that CAC exercised any significant control over the actions of L&K, or over the actions of Beal. What has been averred by CAC, and admitted by Switzer, is that at the time of the repossession, Beal was acting as the employee of L&K, and therefore liability for Beal's allegedly improper actions would rest, if anywhere, with L&K, an independent contractor, which was a defendant in the suit until Switzer settled with it and dismissed it from the suit.[5] Accordingly, the court will grant summary judgment on the state tort claims.

### IV.

For the foregoing reasons, the court will grant CAC's motion for summary judgment and strike this case from the court's docket.

**Enter:** This 30th day of March, 2010.

UNITED STATES DISTRICT JUDGE

---

[5] The court notes that it does not reach the question of whether Beal's actions were tortious. The court need not determine the merits of this claim because Beal is not a party to this action, and because CAC is not liable for the conduct of an independent contractor.